## UNITED STATES v. TAULMAN.

Third Division. Valdez. July 31, 1924.

No. 971–C.

**I. Criminal Law ⟨⟩913(6)—Constitutional Law—New Trial—Former Jeopardy.**

In motion for a new trial, defendant set up a former jeopardy in the same case. *Held*, such a plea has no place in such a motion, because, if defendant has been placed in jeopardy a second time, a new trial would be a further invasion of her constitutional rights.

**2. Criminal Law ⟨⟩183—Jury—Former Jeopardy.**

On the trial of a criminal case before a justice of the peace, after the jury was drawn and sworn, the defendant made objection to a juror, and asked to have him dismissed from the panel and another drawn and sworn in his place. Another was drawn,

⟨⟩See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

without any objection as to the manner of the drawing, and the jury was again sworn to try the case. After the first witness was examined, defendant's attorney objected, to the juror drawn to complete the panel, that he was not drawn in compliance with the chapter 91 of the Session Laws of Alaska of 1923, in that said juror's name was not drawn from the jury box as in said statute provided, which objection was overruled and the trial proceeded. The jury found the defendant guilty. Appeal was taken to the district court, and at the beginning of the trial there defendant's attorney interposed an informal oral plea of former jeopardy for the reasons stated, and asked that a separate trial be allowed on the issue of former jeopardy. *Held*, separate trial on issue of former jeopardy denied; this is a misdemeanor case and defendant waived irregularities by demanding the change of jurors, without objection to the juror or the manner of his drawing at the time, and because defendant was never in jeopardy until the reconstituted jury was sworn and evidence introduced.

Sherman Duggan, U. S. Atty., of Ketchikan, J. A. Hurley, U. S. Atty., of Fairbanks, and Harry C. McCain, U. S. Atty., of Ketchikan.

J. C. Murphy, of Anchorage, and A. J. Dimond, of Valdez, for defendant.

RITCHIE, District Judge. Defendant was convicted upon the charge of having intoxicating liquor in her possession, and has filed motions for a new trial and in arrest of judgment. The case was an appeal from commissioner's court. The latter motion does not raise either of the two grounds permitted by the statute and must be disregarded. The errors assigned in the motion for a new trial do not appear to me to require attention, because, although they may have some merit, the questions they raised were fully considered by the court at the trial of the case.

The sole question remaining is that of former jeopardy. It is set up in the motion for a new trial, but technically has no place there, because, if defendant has been placed in jeopardy a second time, a new trial would be a further invasion of her constitutional rights.

The claim of second jeopardy of defendant is based upon the dismissal of a juror after a trial jury had been sworn in commissioner's court, and the substitution of another juror and trial of the case with the reconstituted jury. The commissioner's transcript shows only the following on this issue:

"Motion of defendant as to securing juror George Potter granted, and juror George Potter dismissed, and D. A. Quinn drawn. Said D. A. Quinn having qualified to act as juror, jury sworn. * * *

"Motion to dismiss defendant filed. Motion denied."

After verdict of conviction, and on the following day, the transcript shows this record:

"Motion to vacate judgment and dismiss defendant filed. Denied."

Defendant's motion at the trial in commissioner's court to dismiss the case and discharge the defendant was made on the ground:

"That the jury drawn to try said case was not secured in accordance with the law governing such selection, in that one of said jurors, to wit, George Potter, was not secured as a juror in said case in accordance with the Session Laws for the Territory of Alaska for the year 1923, to wit, chapter 91 of said Session Laws."

An affidavit by J. C. Murphy, defendant's attorney, alleges that:

"One of the jurors selected to try said case, to wit, one George Potter was not selected in the manner prescribed in chapter 91 of the Session Laws for the Territory of Alaska of the year 1923, in that said George Potter's name was not secured from the jury box as in said law provided."

The motion, made after verdict, that the same be set aside, propounds that:

"Said verdict and any judgment rendered upon the same will be void, because the said verdict was rendered by a jury which was not empaneled in accordance with the laws of Alaska."

At the beginning of the trial in the district court, on appeal, defendant's counsel orally interposed the plea of former jeopardy, but failed to plead in the form prescribed in section 2209, Compiled Laws. Defendant also asked a separate trial on the issue of former jeopardy. The court denied the motion and refused to submit the issue of former jeopardy to the jury.

Chapter 12 of the Criminal Code provides that an issue of fact arises upon a plea of former conviction or acquittal of the same crime. I am unable to conceive how the question of former jeopardy can ever be a question of fact alone, but the courts of Oregon and California have treated the provision seriously, and it must be so regarded. Oregon has held that the

issue of former jeopardy may be submitted at the same time with the plea of not guilty. State v. Childers, 32 Or. 119, 49 P. 801. Under the facts of this case, if the issue had been submitted to a jury, it seems to me the court would have been obliged to give a peremptory instruction against the plea, as the point raised is mainly one of law. The precise facts about placing juror Potter on and dismissing him from the jury are not set out anywhere in the record, either in the commissioner's or the district court, but it seems he was withdrawn on motion of the defendant. Then another juror was drawn and accepted, without objection, so far as the record shows, but as soon as the first witness was sworn defendant sought to raise the plea of former jeopardy by motion to dismiss the case, because of the fleeting service of juror Potter. She failed, however, to make the plea distinctly, by setting up the alleged former jeopardy, as required by section 2209. Nor did she do it in the district court, after recognizing the judgment complained of by an appeal to the district court. If the judgment was void, she should have sought relief by writ of review or habeas corpus.

Conceding the form and manner of the plea to be sufficient leaves the question whether the substitution of Mr. Quinn for Mr. Potter after the jury was sworn, and swearing the reconstituted jury to try the case, amounts to double jeopardy. The defense objected to Potter. He was dropped, and Quinn was called and accepted without objection, until the first witness was sworn. This is a misdemeanor case, and either defendant or her counsel could waive irregularities in procedure. I do not think defendant was ever in jeopardy until the reconstituted jury was sworn to try the case. If so, she waived it by having a change made in the personnel of the jury. I think that would be true in a felony case in a court of record. While it is true that a defendant charged with felony cannot waive any substantial right, his acts in securing a jury of qualified persons can hardly amount under any circumstances to waiver of any right designed for his protection.

I think every contention of defendant is disposed of by the authorities cited in 16 C. J. under "Criminal Law," subtitle "Former Jeopardy," and same in 8 Ruling Case Law (N. S.) 153. In Thompson v. United States, 155 U. S. 271, 15 S. Ct. 73, 39 L. Ed. 146, Mr. Justice Shiras said:

"Courts of justice are invested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury."

It has been decided several times that dropping one juror and calling another at the beginning of a trial is not harmful to a defendant. 16 C. J. 255.

The motions for new trial and arrest of judgment are denied.